## HENRY AMEAHTUBBEE v. STATE.

No. A-1967.   Opinion Filed March 21, 1914.

(139 Pac. 527.)

APPEAL—Brief—Necessity—Scope of Review. (a) It is the duty of counsel, when an appeal is taken to this court, to brief any assignment of error relied upon.

(b) When an appeal is taken and no briefs filed, and no appearance made for oral argument, this court will examine the transcript only for the purpose of determining whether or not the accused was deprived of any fundamental right, and, if not, the judgment will be affirmed.

*Appeal from District Court, Carter County;*
*S. H. Russell, Judge.*

Henry Ameahtubbee was convicted of rape, and appeals. Affirmed.

*R. F. Turner,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   The plaintiff in error, Henry Ameahtubbee, was tried and convicted at the May, 1912, term of the district court of Carter county on a charge of statutory rape; the charge being based upon the allegation that he had had carnal knowledge of Sweeny Postoak, an unmarried female under the age of sixteen years.

The injured party, Sweeny Postoak, testified to numerous acts of intercourse had·with the accused in the year 1910; that in the year 1911 she gave birth to a child; that the accused was the father of the child; that he was her cousin, and was at her home frequently; that no other person had ever had sexual intercourse with her; that she was not married to the accused, but that he had promised to marry her, and thereby induced her to submit to the acts of intercourse in question.   Malissa John, the mother of the prosecuting witness, testified that the accused was her nephew, and that she had raised him; that he was at

her house a great deal of the time and associated with her daughter as a brother; that her daughter gave birth to a child; that she did not know who the father of the child was, other than what had been told her.

The accused testified for himself, denying that he had ever had intercourse with the prosecuting witness. He denied that he was ever at her home; that he had never seen her but once, and that on this occasion she hunted him up and told him another man was the father of her child; in fact he was so prolific in his unreasonable statements that the jury could not reasonably have been expected to find any other verdict than that returned.

The record has been carefully examined, and, so far as we are able to determine, the cause was fairly tried and properly submitted to the jury. There was no brief filed on behalf of the plaintiff in error, and no appearance made for oral argument. In the absence of fundamental error, therefore, the judgment will be affirmed. All the parties in interest are full-blood Choctaws. On account of this fact we have carefully read the record, and find no prejudicial error disclosed thereby. There is nothing disclosed by the petition in error worthy of discussion. The issues involved were clear-cut issues of fact, and there is no doubt but that they were properly determined by the jury.

The judgment therefore is affirmed.

DOYLE, J., concurs. FURMAN, J., absent and not participating.